IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN THE COUNTY OF LINN

| | |
|---|---|
| THE HOME FACTORY, LLC, an Idaho Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TARRY MELIGAN dba T&A MANUFACTURED HOMES, an Idaho Sole Proprietorship,<br><br>Defendant. | Case No.: 26CV57708<br><br>**COMPLAINT**<br>(Negligence)<br><br>Prayer: $229,961.00<br>Filing Fee Statute: ORS 21.160(1)(c) ($594)<br><br>**Claims Not Subject to Mandatory Arbitration** |

COMES NOW, Plaintiff by and through its attorney, Zachary Dablow, P.C., and for its complaint alleges:

1.

At all times material herein Plaintiff was an Idaho Limited Liability Company that used the roads and byways of Oregon to order products from Oregon companies, and is subject to the personal jurisdiction of Oregon Courts.

2.

At all times material herein Defendant was doing business as an Idaho sole proprietorship whose employees used the roads and byways of Oregon to transport products from Oregon companies, and is subject to the personal jurisdiction of Oregon Courts.

3.

The subject matter of this lawsuit is a motor vehicle collision as more fully alleged below, that occurred in Linn County, Oregon.



Zachary Dablow, P.C.
1491 Commercial St SE, Salem, OR 97302
Ph: 503-485-4168 Fax: 971-600-9138
Zachary@DablowLaw.com

Zachary Dablow, P.C.
1491 Commercial St SE, Salem, OR 97302
Ph: 503-485-4168 Fax: 971-600-9138
Zachary@DablowLaw.com

4.

On or about June 30, 2026, Defendant, through its agents, was operating Defendant's vehicles on the roads of Linn County, Oregon; specifically, at or around 3299 Pacific Blvd SE, in Albany, Oregon.

5.

Defendant's vehicle was pulling a trailer with a manufactured home owned by Plaintiff, and for which Plaintiff had contracted Defendant to transport for Plaintiff so that Plaintiff could sell the manufactured home as part of its inventory as Plaintiff is in the business of retail sales of manufactured homes.

6.

The load height of the manufactured home was fifteen feet, ten inches (15'10"). The agent of Defendant instead mistook the load height for fourteen feet, six inches (14'6").

7.

Notwithstanding believing his load height allowed him to pass under bridges that had a clearance of 14'6" or higher, the agent of Defendant proceeded to advance down Pacific Blvd which turns into an onramp for the northbound Interstate 5 freeway, which must pass under a bridge to complete the merge under the freeway.

8.

The sign for the bridge under which Defendant's agent needed to drive was labeled for a clearance of fourteen feet, four inches (14'4").

9.

The agent of Defendant proceeded to drive the vehicle of Defendant carrying Plaintiff's manufactured home under the bridge, bringing the load and truck up towards merging speed.

10.

Without stopping, Defendant through its agents drove the manufactured home of Plaintiff into the overhanging bridge.

//

//

FIRST CLAIM FOR RELIEF
(Common Law – Negligence)

For its First Claim for relief, Plaintiff alleges:

11.

Plaintiff alleges and realleges paragraphs 1 through 10 and incorporates the same as if set forth fully herein, verbatim, as applicable.

12.

In hiring Defendant as a common carrier operating on the roads of Oregon carrying cargo under contract for Plaintiff, where mis-operation of the transport caused damage to the cargo to be transported, Plaintiff is a foreseeable entity suffering a foreseeable type of harm from the actions or inactions of Defendant.

13.

Defendant acted heedlessly, needlessly, or negligently, in the following list of particulars:

a) In failing to properly track, check, re-check, and confirm the load height of the cargo it was carrying;
b) In misapplying clearances for the listed clearance for the bridge it attempted to pass the cargo of Plaintiff under;
c) In failing to break, stop, or pull over to confirm any confusion it had in transporting the load of Plaintiff prior to driving under a bridge;
d) In mis-calculating the clearance height it did remember as shorter than a height that was smaller than the mistaken load height; and,
e) In failing to plan a route that had appropriate clearances before embarking on the transport journey.

14.

As a direct and proximate cause of Defendant's negligence alleged herein, Plaintiff has suffered economic damages in an amount to be determined at trial, but in any event not to exceed $229,961.00.

15.

Plaintiff is entitled to pre-judgment interest on all sums awarded.



Zachary Dablow, P.C.
1491 Commercial St SE, Salem, OR 97302
Ph: 503-485-4168 Fax: 971-600-9138
Zachary@DablowLaw.com

WHEREFORE, Plaintiff prays for judgment of court, awarding the following relief:

a) For economic damages in an amount to be determined at trial, but in any event not to exceed $229,961.00

b) For prevailing party fees, pursuant to ORS 20.190;

c) For pre- and post-judgment interest pursuant to ORS 82.010;

d) For costs and disbursements pursuant to ORCP 68; and,

e) For any and all other relief the court deems just and equitable.

DATED: October 13, 2026

*s/ Zachary Dablow*

Zachary Dablow, OSB# 073723
Attorney for Plaintiff

Zachary Dablow, P.C.
1491 Commercial St SE, Salem, OR 97302
Ph: 503-485-4168 Fax: 971-600-9138
Zachary@DablowLaw.com